937 A.2d 379

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Leslie Charles X. BEASLEY, Appellant.**

Supreme Court of Pennsylvania.

Nov. 9, 2007.

Robert Brett Dunham, Billy Horatio Nolas, Philadelphia, for Leslie Charles X. Beasley, appellant.

Amy Zapp, Hugh J. Burns, Jr., Philadelphia Dist. Attorney's Office, for the Com. of Pennsylvania, appellee.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## OPINION IN SUPPORT OF DENIAL OF APPELLANT'S MOTION FOR RECUSAL

Justice CASTILLE.

Appellant Leslie Charles X. Beasley, through his counsel, Billy H. Nolas, Esquire, of the Defender Association of Philadelphia, Capital Habeas Unit, has filed a motion for my recusal in this capital matter, which is an appeal from the denial of appellant's petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* For the reasons set forth below, I will deny the Motion.

This case arises from a murder appellant committed in Philadelphia over twenty-seven years ago, in April of 1980. Appellant was tried and convicted and, on July 16, 1981, the jury returned a sentencing verdict of death. The aggravating circumstance found by the jury was appellant's significant history of prior violent felonies, which consisted of his two prior murder convictions, including the murder of a police officer. The instant appeal is from the trial court's denial of appellant's second post-conviction petition; the denial of his first collateral attack (filed under the former Post Conviction Hearing Act ("PCHA")) became final sixteen years ago.

After stating what he purports to be the background and procedural history of the case—in fact, the recitation includes repeated non-record assertions and slanted argumentation—Mr. Nolas alleges four separate bases for recusal. First, Mr. Nolas says, Canon 3(C)(1)(b) of the Pennsylvania Code of Judicial Conduct (the "Code") "requires" my recusal because I was the elected District Attorney of Philadelphia County

during a part of the time when appellant litigated his first collateral attack, under the PCHA, which by Mr. Nolas' reasoning made me a lawyer who "served as a lawyer in the matter in controversy." Second, Mr. Nolas says, Canon 3(C)(1)(a) of the Code "requires" my recusal because, in my Opinion denying a similar motion for recusal filed by Mr. Nolas in the unrelated capital PCRA appeal in *Commonwealth v. Rainey*, 590 Pa. 256, 912 A.2d 755 (2006) (Recusal Opinion of Castille, J.), I allegedly "professed" "personal knowledge of disputed evidentiary facts" respecting one of **appellant's** current claims.[1] Third, Mr. Nolas says, Canon 3(C)(1)(a) "requires" my recusal because that same Recusal Opinion in *Rainey* supposedly suggests that I "harbor a 'personal bias or prejudice'" against Mr. Nolas. Finally, Mr. Nolas bootstraps from his first three arguments and claims that my recusal is required by the due process clause and the Eighth Amendment.

■ Mr. Nolas's first claim, seeking recusal premised upon my official position as the elected District Attorney of Philadelphia County, has been addressed in my prior opinions concerning recusal, most recently in *Rainey*. *See also Commonwealth v. Jones*, 541 Pa. 351, 663 A.2d 142 (1995) (Recusal Opinion of Castille, J.). To that discussion, I would merely add that appellant was tried, convicted, and had his death sentence affirmed on direct appeal before I was elected District Attorney. With respect to appellant's PCHA petition, initiated some twenty-two years ago, to the best of my knowledge and recollection, I was not personally involved in those collateral proceedings. I have no special knowledge of any facts regarding those of appellant's collateral proceedings occurring during my tenure as District Attorney, much less any facts that would bear upon appellant's trial and direct appeal, which occurred before my tenure in office. Indeed, my only familiarity with this case is that which I have gleaned from the legal pleadings filed with this Court and the opinions

1. The full Court in *Rainey* later denied reconsideration of my recusal order in a decision in which I did not participate. See *Commonwealth v. Rainey*, 590 Pa. 6, 911 A.2d 505 (2006).

published in appellant's prior appeals. Moreover, Mr. Nolas has pointed to nothing in the record that demonstrates otherwise. And, finally, Mr. Nolas has not explained how it is that the prior PCHA proceeding—as opposed to, for example, appellant's trial and direct appeal and the PCRA proceeding below—constitutes "the matter in controversy" on this appeal.

■ Mr. Nolas's second claim is that my Recusal Opinion in *Rainey* somehow proves that I have personal knowledge of evidentiary facts having to do with the jury selection claim appellant seeks to pursue on his serial collateral attack in this case. In the "background and procedural history" section of his motion, Mr. Nolas avers to non-record facts in support of this "claim." In addition, Mr. Nolas repeats some of the same false statements and mischaracterizations that were contained in his *Rainey* recusal motion. Even ignoring these ethical lapses by Mr. Nolas, this particular ground for recusal is frivolous.

The jury selection in appellant's case occurred in 1981, long before I was elected District Attorney, and indeed, long before *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the primary case appellant's PCRA appeal brief relies upon, was decided. Moreover, Mr. Nolas's Recusal Motion inexplicably neglects to mention that appellant's "*Batson*" claim was defaulted (he did not object at trial or on his pre-*Batson* direct appeal) and that he necessarily poses the claim in his brief as one sounding in layered ineffective assistance of counsel. Nothing in my Recusal Opinion in *Rainey* referencing that there was no policy of discrimination during "my watch"—an opinion rendered in response to the earlier misrepresentations forwarded by Mr. Nolas—implicates "personal knowledge of disputed evidentiary facts" involving a jury selection procedure with which I had no personal involvement, conducted years before my election as District Attorney, and even years before *Batson*.[2]

2. Because this ground for recusal is frivolous, Mr. Nolas's alternative request for an evidentiary hearing, forwarded only in his "prayer for relief" (and unsupported by citation to any authority) likewise fails.

██ Mr. Nolas's third claim again is frivolous as stated. Mr. Nolas claims that my opinion in response to his misrepresentations in his *Rainey* recusal motion shows that I should recuse myself in this case because I supposedly have a "personal bias or prejudice concerning a party." Mr. Nolas's argument, however, states that my Recusal Opinion in *Rainey* suggests that I may harbor "a 'personal bias or prejudice' against [Mr. Nolas]." That, of course, is not the same thing: Mr. Nolas is a lawyer in this case, not a party. The Canon Mr. Nolas cites does not apply.

In addition to being frivolous under the Canon he cites, Mr. Nolas's argument is frivolous under the cited cases. In *Reilly v. SEPTA,* 507 Pa. 204, 489 A.2d 1291, 1295 (1985) (alternative holding), this Court stated that, "animosity, standing alone, between a lawyer and a judge is irrelevant" to a recusal claim. To the extent that Mr. Nolas relies on different case law, his argument fares no better. As proof of my alleged personal bias against **him,** Mr. Nolas cites the "tone" of my Recusal Opinion in *Rainey,* and quotes portions of that opinion which noted his ethical lapses (including factual misrepresentations) in the Motion in that case. Mr. Nolas then creatively rewrites a quotation within a quotation from this Court's opinion in *Commonwealth v. White,* 589 Pa. 642, 910 A.2d 648, 658 (2006). *White* involved the recusal of a trial judge, not the recusal of one of the seven Justices of the highest court in Pennsylvania hearing an appeal as of right in a capital case. The Commonwealth's recusal request in *White* also was not premised upon material misrepresentations, as was Mr. Nolas's recusal request in *Rainey.* Moreover, the recusal motion in *White* was premised upon the jurist's alleged bias or prejudice respecting **facts of the case and in favor of the defendant,** not alleged bias or prejudice respecting the moving party's defense attorney arising from prior unsupported accusations the lawyer made against a judge. In addition to failing to acknowledge these obvious, controlling distinctions, Mr. Nolas rewrites the double quotation from *White* in a sleight-of-hand manner to substitute my name for that of the trial judge, apparently to make it appear that those portions of

his recusal request in *Rainey* which I identified as false or unsupported were deemed, by some authority, to be "reasonably meritorious." *See* Appellant's Motion for Recusal at 8. But Mr. Nolas's scandalous misrepresentations in *Rainey* were not reasonably meritorious. Finally, calling an attorney's unethical representations unethical, and calling an attorney's misrepresentation a misrepresentation does not betray animosity, bias, or prejudice. It betrays accurate assessment. My response in *Rainey* was justified by Mr. Nolas's conduct.

More fundamentally, Mr. Nolas's attempt to convert my response to his factual misrepresentations in *Rainey* into a basis for seeking my recusal in other cases cannot be permitted to succeed. The notion that a litigant—or even worse, a litigant's lawyer—can secure a forum more to his personal liking by throwing mud at a jurist, and then demanding the jurist's recusal for attempting to remove the mud on grounds that the jurist may not like the lawyer, is beyond absurd. My Recusal Opinion in *Rainey* plainly and explicitly concerned itself not with Mr. Rainey's cause, but with Mr. Nolas's arguments. Such is the same in my opinion in this case. I have no difficulty in separating Mr. Nolas' conduct from his client's cause. If Mr. Nolas and the Defender Association truly believe that Mr. Nolas's participation in their client's appeal could compromise appellant's cause, then they have an easy self-help remedy. That they have not utilized it evidences the strategic nature of the instant Motion.

It is worth noting that this Court is charged with oversight of the practice of law in Pennsylvania. As a member of the Court with that role, of course I am distressed, if unsurprised, to see Mr. Nolas unapologetic and unchastened by my Recusal Opinion in *Rainey*. Lawyers should not betray contempt for ethical standards, or contempt for any court. Jurists obviously notice the relative honesty, reliability, and quality of the arguments made by the lawyers who appear before them, particularly lawyers who brief or argue matters with some frequency. Consequently, jurists may come to form opinions, good or bad, about certain counsel whose work is familiar to them. Only a naïve lawyer would believe that questionable

ethical practices, and the dogged pursuit of a poor reputation, is the best way to advance his clients' causes. But bad lawyering does not generally cause a jurist to confuse a lawyer with his client, much less would it cause a jurist to let the lawyer's lapses unfairly affect the client's cause. Certainly, this jurist would not.

Finally, Mr. Nolas's fourth argument obviously fails because it bootstraps from his first three, which are meritless.

The judges of the highest court in a jurisdiction are less fungible than the individual lawyers who appear before them. Were I to recuse myself from this case, there are no backup Justices waiting in the wings to fill my seat. Mr. Nolas's client, having lost below, would need four of six votes to garner relief, and his chances at success would be reduced. Under their own theory, Mr. Nolas and the Defender Association apparently believe that his participation in the case as a lawyer warrants that reduction in his client's appellate chances.

Based on the foregoing considerations, I find that the motion requesting my recusal should be, and it hereby is, denied, per the attached order.

## ORDER

**AND NOW,** this 9th day of November, 2007, upon review of Appellant's Motion for Recusal and the Commonwealth's Reply in Opposition to the Motion, the Motion for Recusal is DENIED. Appellant's Application for Leave to File Supplement to Motion for Recusal of Mr. Justice Castille is also **DENIED.**